UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMIR TULIC,<br><br>   Plaintiff,<br><br> v.<br><br>UNIVERSAL PROTECTION SERVICE, LLC, d/b/a ALLIED UNIVERSAL SECURITY SERVICE<br><br>   Defendant. | Case: 1:23-cv-005162<br><br>Hon. Andrea R. Wood |

### ALLIED UNIVERSAL'S OPPOSED MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

Defendant Universal Protection Service, LLC, d/b/a Allied Universal Security Services ("Allied Universal") submits this Motion to Strike Jury Demand by Samir Tulic, ("Plaintiff") because Plaintiff consented to a clear and unambiguous jury waiver in connection with his employment with Allied Universal.

### I. CERTIFICATION OF CONFERRAL

Allied Universal's counsel has conferred with Plaintiff's counsel and Plaintiff opposes the Motion.

### II. BACKGROUND

On or about October 6, 2022, Plaintiff completed an application for employment as a Security Officer with Allied Universal. **Exhibit 1, Plaintiff's Employment Contract.** Plaintiff completed and signed the employment application electronically. Ex. 1, at 6.

Shortly after completing his employment application, Allied offered Plaintiff a position as a Security Officer, which Plaintiff accepted and began the onboarding process. During the onboarding process, Plaintiff was presented with an arbitration agreement. **Exhibit 2, the Agreement.** The Agreement was not mandatory and instructed Plaintiff how to opt out if he did

not wish to be bound by the Agreement.

Specifically, the Agreement states:

> To opt out, you must provide notice to the Company by the Deadline, in writing, of your desire to opt out of arbitration, which writing must be dated, signed and delivered by either: (1) electronic mail to newhire@aus.com, or (2) by certified mail, postage prepaid and return receipt requested, or by any nationally recognized delivery service (e.g, UPS, Federal Express, etc.) that is addressed to: Allied Universal c/o Corporate HR Manager 1551 N. Tustin Ave, Suite 650 Santa Ana, CA 92705.

Ex. 2 at 1.

Despite the voluntary nature of the Agreement, Plaintiff affixed his electronic signature to the Agreement on October 20, 2022, at 12:49 p.m. and became bound by its terms. The Agreement covers "any dispute that may arise during the employment relationship and/or as a result of the termination of that relationship…." *Id*.

Further, the Agreement contains a jury waiver which states, in relevant part:

> **Waiver of Trial By Judge Or Jury:** The Parties understand and fully agree that by entering into this Agreement providing for binding arbitration, they are giving up their right to have a trial in front of a judge or jury. The Parties anticipate that by entering this Agreement they will gain the benefits of a speedy, impartial dispute resolution procedure.

*Id.* at 6.

Finally, the Agreement utilizes an acknowledgement of receipt provision which states, in relevant part:

> **Acknowledgment of Receipt of arbitration policy and agreement**
> I, the undersigned employee, acknowledge that I have received a copy of the Company's Arbitration Policy and Agreement (the "Agreement"), in effect as of August 19, 2019. I understand that I am bound by the terms of the Agreement, unless I affirmatively opt-out of the Agreement within 30 days of my receipt of the Agreement in the manner described in Section 3 of the Agreement.
>
> By my electronic signature below, I acknowledge that I have had an opportunity to read the Agreement, that I have had an opportunity to ask

2

questions about the Agreement, and that I understand the Agreement. I further acknowledge that I understand how to obtain this Agreement for later reference.

*Id.* at 7.

Since Plaintiff signed the Agreement, declined the opportunity to opt out, and acknowledged that he understood and was bound by the terms of the Agreement, the Agreement containing Plaintiff's jury waiver is enforceable. On August 4, 2023, Plaintiff filed this Complaint, seeking a jury trial in plain violation of the Agreement. (ECF No. 1).

### III. ARGUMENT

This Court should strike Plaintiff's Jury Demand, because Plaintiff consented to a clear and unambiguous jury waiver in connection with his employment with Allied Universal. Illinois law governs enforceability of the Agreement, since the Agreement does not contain a choice of law provision and it was formed in the state of Illinois. *See Medline Indus. Inc. v. Maersk Med. Ltd.,* 230 F. Supp. 2d 857, 863 (N.D. Ill. 2002). Because Illinois law governs the Agreement, the validity of the jury trial waiver provision is also interpreted under Illinois law. *Norhurst, Inc. v. Acclaim Systems, Inc.*, 2012 WL 473135, *2 (N.D. Ill. 2012) (*citing IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 991, 993-94 (7th Cir. 2008).

Under Illinois law, "the validity of a jury-trial waiver is determined by fundamental principles of contract law." *Norhurst*, 2012 WL 473135 at *3. To determine the scope of a jury-trial waiver, "courts look to the language of the contract to determine the intent of the parties." *Id.* "A court's analysis begins with the language of the contract itself, and '[i]f the language unambiguously answers the question at issue, the inquiry is over." *Id.* (*quoting Emergency Med. Care, Inc. v. Marion Mem. Hosp.*, 94 F.3d 1059, 1061 (7th Cir. 1996). Illinois law honors straightforward terms with understandable meanings. *Id. (citing Nicor, Inc. v. Associated Elec. &*

3

*Gas Svcs., Ltd.*, 223 Ill.2d 407, 307 Ill.Dec. 626, 860 N.E.2d 280, 285–86 (Ill.2006)). (Granting defendant's motion to strike plaintiff's jury demand where Plaintiff signed a waver, and the terms were clear and easy to understand.)

Here, the jury waiver in the Agreement is clear, unambiguous, and applies to *any* dispute related to the employment relationship. Ex. 2, pg. 1. Plaintiff filed his Complaint based on an allegation of discrimination that arose from his employment relationship with Allied and thus, his claim is expressly within the scope of the jury waiver. *Id*. The waiver acknowledged Plaintiff's right to a jury trial in plain language and unambiguously stated that by entering into the Agreement, Plaintiff would relinquish the right to have a jury hear his claims. The waiver was contained in a separate paragraph and stated **"Waiver of Trial By Judge or Jury"** in bold and underlined font. Ex. 2, pg. 6. The waiver appeared on page six of the Agreement and the signature box directly followed on the seventh and final page. *Id*. Plaintiff was required to review the entire Agreement, including the jury waiver on page six, before signing.

In signing the Agreement, Plaintiff acknowledged: (1) he would be bound by the terms unless he opted out; (2) that he received a copy of the Agreement; (3) that he read and agreed to the terms of the Agreement including the jury waiver; (4) he had an opportunity to review and ask questions about the Agreement; and (5) he understood the Agreement. Ultimately, the jury waiver contained simple language, was in bold font, was given its own paragraph and not buried in fine print, and was easy to understand for anyone with a high school education, which Plaintiff possessed. Ex. 1, pg. 3.

Finally, Plaintiff refrained from exercising his right to opt out of the Agreement by following the detailed opt out instructions at the beginning of the Agreement. Thus, the Agreement is enforceable, and Plaintiff has waived his right for a jury to decide his claims against Allied

Universal. Consistent with Federal Rule of Civil Procedure Rule 12(f), Plaintiff's jury demand should be stricken.

## IV. CONCLUSION

Since the jury waiver was clear and unambiguous and Plaintiff did not opt out of the Agreement, Plaintiff is not entitled to a trial by jury. Allied Universal respectfully requests this Court enter an order granting its Motion to Strike Plaintiff's Jury Demand.

Respectfully submitted on this 7th day of November 2023,

>  */s/ Kelly E. Eisenlohr-Moul*
> Kelly Eisenlohr-Moul
> ID # 1003246
> MARTENSON, HASBROUCK & SIMON LLP
> 500 Davis Street, Suite 1003
> Evanston, Illinois 60201
> Tel.: (224) 350-3120
> Fax: (312) 586-8546
> keisenlohr-moul@martensonlaw.com
> *Attorney for Universal Protection Service, LLC.*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on this 7th day of November 2023, I served this document using the Court's CM/ECF system, which will automatically notify all parties or counsel of record.

*/s/ Kelly E. Eisenlohr-Moul*
Kelly Eisenlohr-Moul
